Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Jackson D. Morgus (SBN 318453)
E-mail: jmorgus@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780    Fax: 510.839.9104

Attorneys for Defendants ALAMEDA COUNTY
SHERIFF'S OFFICE (erroneously named as
ALAMEDA COUNTY SHERIFF'S
DEPARTMENT) and CAPT. TYA M.
MODESTE (erroneously named and sued as
SGT. TYA MODESTE)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT BARROCA and RAELYNN GOMES,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HAYWARD AREA RECREATION AND PARKS DISTRICT, ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>                    Defendants. | Case No. 3:25-cv-00440-VC<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE AND CAPT. TYA M. MODESTE'S NOTICE OF MOTION AND AMENDED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>*Filed concurrently with Declaration of Dwyane Witherspoon; Request for Judicial Notice; and [Proposed] Order*<br><br>Judge:    Hon. Vince Chhabria<br>Date:     May 15, 2025<br>Time:     10:00 A.M.<br>Crtrm.:   4<br><br>Trial Date:     TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS, PLEASE TAKE NOTICE** that on

May 15, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard before Hon. Vince

Chhabria, Courtroom 4 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102,

Defendants ALAMEDA COUNTY SHERIFF'S OFFICE and CAPT. TYA M. MODESTE

(hereinafter collectively "Alameda County Defendants") will move to dismiss Plaintiffs' Amended

Complaint pursuant to Federal Rules of Civil Procedure (Rule) 12(b)(6) on the following grounds:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4900-7949-3672 v1                                              Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

1        1.      Plaintiffs' seventh claim under state law for defamation against Defendants

Alameda County Sheriff's Office and Capt. Tya M. Modeste fails to state a cause of action upon

which relief can be granted pursuant to Government Code sections 815.2, 821.6 and Cal. Civ.

Code § 47, and is otherwise barred by Plaintiffs' failure to comply with the claims presentation

requirements of the California Tort Claim Act.

        This motion is based on this Notice of Motion and Motion, Memorandum of Points and

Authorities, the concurrently filed Request for Judicial Notice, Declaration of Dwayne

Witherspoon, and the documents on file with the court, and such further evidence and argument as

the court may permit.


Dated:  March 18, 2025                           BURKE, WILLIAMS & SORENSEN, LLP



                                          By:    _____/s/ Jackson D. Morgus_____
                                                 Gregory B. Thomas
                                                 Jackson D. Morgus
                                                 Attorneys for Defendants ALAMEDA
                                                 COUNTY SHERIFF'S OFFICE and SGT.
                                                 TYA MODESTE

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1                                                    Case No. 3:25-cv-00440-VC
                                                     COUNTY DEFTS' AMENDED MOTION TO
                                                   DISMISS PLAINTIFFS' AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................1

        A.      Allegations of Complaint ...................................................................1

II.     SUPPLEMENTAL JURISDICTION ..................................................................2

III.    LEGAL ARGUMENT .........................................................................................2

        A.      Plaintiff's State Law Claims Should be Dismissed for Failing to Comply
                with the California Tort Claims Act .....................................................3

                (i)     Requirements of the Tort Claims Act ....................................3

                (ii)    All of Plaintiffs' State Law Claims Should be Dismissed for Failure
                        to Comply with the Tort Claims Act ......................................4

        B.      The Alameda County Defendants are Entitled to Immunity as a Matter of
                Law ......................................................................................................5

                (i)     Cal. Civ. Code § 47 ...............................................................7

        C.      PLAINTIFF GOMES HAS NO CLAIM AS A MATTER OF LAW .......8

IV.     CONCLUSION ...................................................................................................9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4900-7949-3672 v1

i

Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................ 2, 3

Bailey v. City of Chicago
   (7th Cir. 2015) 779 F.3d 689 ................................................................................ 2

Beck v. City of Upland,
   527 F.3d 853 (9th Cir.2008) ................................................................................ 3

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ........................................................................................ 2, 3, 9

Hagendorf v. Brown
   (9th Cir.1983) 699 F.2d 478 ................................................................................ 8

Hernandez v. McClanahan,
   996 F.Supp. 975 (N.D.Cal.1998) ........................................................................ 4

Mangold v. Cal. Pub. Util. Comm'n,
   67 F.3d 1470 (9th Cir.1995)................................................................................ 4

Pareto v. FDIC,
   139 F.3d 696 (9th Cir. 1998)............................................................................... 3

Quillers v. Barclays American Credit,
   Inc., 727 F.2d 1067 (11th Cir. 1984), cert. denied, 476 U.S. 1124 (1986) ........ 3

Reynolds v. County of San Diego,
   858 F.Supp. 1064 (1994)..................................................................................... 5

Welsh v. City and County of San Francisco,
   1995 WL 714350 (ND CA 1995)........................................................................ 7

Welsh v. City and County of San Francisco
   (N.D. Cal. 1995) 887 F.Supp. 1293 ................................................................... 4

## State Cases

Ard v. County of Contra Costa,
   93 Cal.App.4th 339 (2001)................................................................................. 4

Balzaga v. Fox News Network, LLC
   (App. 4 Dist. 2009) 93 Cal.Rptr.3d 782 ............................................................ 7

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4900-7949-3672 v1          ii              Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

Castaneda v. Dep't of Corr. & Rehab.,
   212 Cal.App.4th 1051 (2013) .................................................................................. 3, 4

City of San Jose v. Superior Court,
   12 Cal.3d 447 (1974) ............................................................................................... 5, 6

Gillan v. City of San Marino,
   147 Cal.App.4th 1033 .................................................................................................. 5

Imig v. Ferrar
   (1977) 70 Cal.App.3d 48 ............................................................................................. 7

Johnson v. San Diego Unified Sch. Dist.,
   217 Cal.App.3d 692 (1990) ......................................................................................... 3

Leon v. County of Riverside
   14 Cal.5th 910 ............................................................................................................ 6

Munoz v. State of California
   (1995) 33 Cal.App.4th 1767 (1995) ........................................................................... 4

Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr.
   (1992) 8 Cal.App.4th 729 ........................................................................................... 4

Perez v. Golden Empire Transit Dist.,
   209 Cal. App. 4th 1228 (2012) ................................................................................... 3

Shively v. Bozanich,
   31 Cal.4th 1230 (2003), (Dec. 22, 2003) ................................................................... 5

Silberg v. Anderson
   (1990) 50 Cal.3d 205 .................................................................................................. 8

**Federal Statutes**

28 U.S.C. § 1367 ................................................................................................................. 2

**State Statutes**

Cal. Civ. Code § 47 ............................................................................................................ 7

Cal. Gov. Code § 815.2(a) ................................................................................................. 5

Cal. Gov. Code § 815.2(b) ................................................................................................. 5

Cal. Gov. Code § 821.6 .................................................................................................. 5, 6

Cal. Gov. Code § 900 et seq. ............................................................................................. 3

Cal. Gov. Code, § 910 ........................................................................................................ 4

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1          iii          Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

Cal. Gov. Code § 911.2 ................................................................................................ 4

Cal. Gov. Code § 911.2, subd. (a) ......................................................................... 3, 4

California law. Under the Tort Claims Act .................................................................. 3

California Tort Claims Act................................................................................... 2, 3, 5

Government Claims Act ............................................................................................... 6

Government Code section 9111.2 ............................................................................... 5

Tort Claims Act................................................................................................ 3, 4, 5, 8

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(6) ................................................................. 2

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4900-7949-3672 v1                                iv                              Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

#### A.    Allegations of Complaint

Plaintiffs ROBERT BARROCA ("Barroca") and RAELYNN GOMES ("Gomes") (collectively "Plaintiffs") filed an Amended Complaint on February 19, 2025 alleging eight claims arising from Plaintiff Barroca's dealings with the Hayward Area Recreation and Park District ("HARD") at and around Meek Park in Hayward, California.  On January 30, 2024, Alameda County Sheriff Office ("ACSO") deputies responded to an incident in which Barroca allegedly stabbed another individual in the abdomen. In addition to numerous claims against HARD and its agents, the Amended Complaint contains one claim against Defendants ACSO and Capt. Tya M. Modeste (hereinafter collectively "Alameda County Defendants") for defamation under California law.  Plaintiffs allege that after Barroca's arrest on May 16, 2024, "Alameda County Sheriff's Department Spokeswoman defendant [Captain] Tya Modeste started a politically motivated smear campaign intentionally maligning Barroca's character in an attempt to unseat Alameda County District attorney Pamela Price for not doing her job." Dkt No. 12, pp. 26-27, ¶ 77.

Plaintiffs' Amended Complaint sets forth lengthy allegations regarding Barroca's interactions with HARD agents and employees and with other individuals at Meek Park. However, Plaintiffs' claims as they pertain to the Alameda County Defendants are limited to a single state law claim for defamation.

Plaintiffs allege that ACSO obtained a warrant for Barroca's arrest on January 31, 2024, but did not attempt to arrest him for 5 months thereafter. Dkt. No.12, p. 38.  Plaintiffs then claim that Capt. Tya M. Modeste made false statements to several news agencies about Barroca only. Id. The Amended Complaint does not allege any type of defamatory statements were made as to Plaintiff Gomes.

The Amended Complaint does not identify any specific statements that Defendant Modeste or anyone from ACSO made to any news agencies, but identifies only various news stories regarding the Alameda County District Attorney's office's decision not to prosecute Barroca, containing what Plaintiff Barroca claim are a "false statements….regarding (his) criminal history

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1                    1                    Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

and character." <u>Id</u>.  The only other allegedly false statement referenced is an ACSO Facebook post from the ACSO account.  Plaintiff Barocca claims to have suffered "immense special and complete damages" in the form of parents not letting their children "go looking for him anymore" and neighbors reporting that "elderly people…are now scared of him." <u>Id.</u> at p.40.

Barroca was ultimately arrested pursuant to a Petition for Warrant for Person Under Supervision by his parole officer on May 30, 2024. <u>Id.</u> at ¶ 79.

Plaintiffs do not allege compliance with the claims presentation requirements of the California Tort Claims Act.  Nor can Plaintiffs, as they never submitted a Tort Claim prior to filing suit.

## II.    <u>SUPPLEMENTAL JURISDICTION</u>

As an initial matter, Plaintiffs assert a single cause of action arising under state law against the Alameda County Defendants.  Given that Plaintiffs have alleged claims arising under federal law against other defendants, the Court has discretion to adjudicate transactionally related state law claims. 28 U.S.C. § 1367.  Here, County Defendants do not dispute that the Court may exercise supplemental jurisdiction over Plaintiffs' state law defamation claim. <u>See</u> <u>Bailey v. City of Chicago</u> (7th Cir. 2015) 779 F.3d 689, 696.

## III.    <u>LEGAL ARGUMENT</u>

A court may dismiss a complaint under Federal Rules of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ." <u>Twombly</u>, 550 U.S. at 555.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1                    2                    Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

In considering a motion to dismiss, a court must accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. Id. at 550. However, mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A motion to dismiss is also appropriate where a plaintiff discloses some absolute defense or bar to recovery in his pleading. Fed. R. Civ. P. (12)(b)(6); Quillers v. Barclays American Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), cert. denied, 476 U.S. 1124 (1986). Because plaintiffs bear the ultimate burden of proving the absence of probable cause, Beck v. City of Upland, 527 F.3d 853, 864 (9th Cir.2008), they must allege factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, see Iqbal, 556 U.S. at 678.

## A. Plaintiffs' State Law Claims Should be Dismissed for Failing to Comply with the California Tort Claims Act

### (i) Requirements of the Tort Claims Act

The lone claim against the Alameda County Defendants, Plaintiffs' Seventh Claim for Defamation, arises under California law. Under the Tort Claims Act (Cal. Government Code § 900 et seq.), "a person may not sue a public entity for personal injury unless he or she presents a timely written claim for damages to the public entity." Perez v. Golden Empire Transit Dist., 209 Cal. App. 4th 1228, 1233–34 (2012), citing Cal. Gov. Code §§ 911.2, subd. (a) and 945.4. Such claims must be presented to the public entity "not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2, subd. (a).

The Tort Claims Act "is designed to provide a governmental entity with sufficient information to enable it to investigate and timely evaluate the merits of uninsured claims and, where possible, avoid the expense of litigating meritorious claims." Johnson v. San Diego Unified Sch. Dist., 217 Cal.App.3d 692, 696 (1990). Compliance is mandatory. Castaneda v. Dep't of Corr. & Rehab., 212 Cal.App.4th 1051, 1061 (2013). Fulfilling the requirements of the Tort Claims Act is a condition precedent to filing suit; it is not an affirmative defense. (Munoz v. State

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1            3            Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

1    of California (1995) 33 Cal.App.4th 1767, 1776 (1995).)  "Thus, an injured party may not

2    maintain an action against a public entity unless it has presented a claim to the entity…"

3    Castaneda , supra, 212 Cal. App.4th at 1061.

4         To be sufficient, a claim must state the date, place and other circumstances that give rise to

5    the incident. Cal. Gov. Code, § 910; Castaneda, supra, 212 Cal. App.4th at 1062.  It must fairly

6    describe what the entity is alleged to have done. Castaneda, supra, 212 Cal. App.4th at 1062.

7    Next, each plaintiff must file his or her own claim, even if derivative. Castaneda, supra, 212 Cal.

8    App.4th at 1062-63; Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr. (1992) 8

9    Cal.App.4th 729, 733-34 (family members cannot rely on another family member's tort claim for

10   a separate and distinct injury.)  The substantial compliance doctrine does not apply to derivative

11   claims.  In other words, where an injured person filed no claim but seeks to rely on another

12   persons' claim, substantial compliance does not apply. Nguyen, supra, 8 Cal.App.4th 729, 733-34;

13   Castaneda, supra, 212 Cal. App.4th at 1063.

14        When a plaintiff's defamation claim is based upon statements made in the scope of a

15   public employee's employment, a plaintiff is required to present a government claim against the

16   employing entity as a condition precedent before filing suit. See Welsh v. City and County of San

17   Francisco (N.D. Cal. 1995) 887 F.Supp. 1293, 1296, citing Mazzola v. Feinstein, 154 Cal.App.3d

18   305, 310 (1984).

19              **(ii)    All of Plaintiffs' State Law Claims Should be Dismissed for Failure to**

20                      **Comply with the Tort Claims Act**

21        Presentation of a timely tort claim is a jurisdictional prerequisite to maintaining a cause of

22   action against a public entity and/or public employees. Ard v. County of Contra Costa, 93

23   Cal.App.4th 339, 343 (2001); see also Hernandez v. McClanahan, 996 F.Supp. 975, 977

24   (N.D.Cal.1998).  A plaintiff's supplemental state law claims against a California public agency are

25   barred unless the plaintiff has complied with the requirements of the Tort Claims Act before

26   commencing a civil action. See Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th

27   Cir.1995).

28        Government Code section 911.2 generally requires that such claims be presented within six

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4900-7949-3672 v1                                4                         Case No. 3:25-cv-00440-VC
                                                                    COUNTY DEFTS' AMENDED MOTION TO
                                                                DISMISS PLAINTIFFS' AMENDED COMPLAINT

1    months of the accrual of the cause of action. Cal. Gov. Code, § 911.2, subd.(a).  Under California

2    law, a cause of action for defamation generally accrues at the time of the communication of the

3    allegedly defamatory statement. Shively v. Bozanich, 31 Cal.4th 1230, 1237 (2003), as modified

4    (Dec. 22, 2003).

5         When, as here, a claim has not been timely presented, "failure to file a claim is fatal to the

6    cause of action." City of San Jose v. Superior Court, 12 Cal.3d 447, 454 (1974).  Plaintiffs' have

7    failed to allege that they ever submitted a claim as required by Government Code section 9111.2

8    and indeed they have not.  Request for Judicial Notice ("RJN") No. 1; Declaration of Dwayne

9    Witherspoon, ¶ 3.  Therefore, all of Plaintiffs' state law claims, including their seventh claim for

10   defamation against the Alameda County Defendants, should be dismissed for failure to comply

11   with the claims presentation requirement of the California Tort Claims Act.

12       **B.**      **The Alameda County Defendants are Entitled to Immunity as a Matter of Law**

13        Even if Plaintiffs' claims are not barred by their failure to comply with the requirements of

14   the Tort Claims Act, the individual Alameda County Defendants are entitled to immunity under

15   California Government Code § 821.6.  See Gillan v. City of San Marino, 147 Cal.App.4th 1033.

16   This protects public employees in the performance of their prosecutorial duties from threat of

17   harassment through civil suits. Id. at 1048.  This immunity has been applied broadly, even to

18   officers who have abused their authority or acted maliciously or without probable cause in

19   conjunction with a threatened prosecution. Id.

20        Under California law, "[a] public entity is liable for injury proximately caused by an act or

21   omission of an employee of the public entity within the scope of his employment[.]" Cal. Gov't

22   Code § 815.2(a).  However, "a public entity is not liable for an injury resulting from an act or

23   omission of an employee of the public entity where the employee is immune from liability." Cal.

24   Gov't Code § 815.2(b).

25        In Gillan, the Court held that "press releases and other public statements by the individual

26   defendants were made in the course of their investigation of a purported crime and in furtherance

27   of the investigation."  That court further held that "individual defendants are immune from

28   liability for defamation or intentional infliction of emotional distress based on those statements

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1        5        Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

1   pursuant to Government Code section 821.6.  The city also therefore is immune from liability on

2   those counts arising from the acts of the individual defendants." Id.

3         In Leon v. County of Riverside, 14 Cal.5th 910 (2023), the California Supreme Court

4   clarified that "although our prior decisions have loosely described section 821.6 as conferring

5   immunity against malicious prosecution claims (e.g., Sullivan, supra, 12 Cal.3d at p. 721, 117

6   Cal.Rptr. 241, 527 P.2d 865), section 821.6 is more aptly characterized as providing immunity

7   against liability for claims of injury based on tortious or wrongful prosecution.  The immunity is

8   narrow in the sense that it applies only if the conduct that allegedly caused the plaintiff's injuries

9   was the institution or prosecution of an official proceeding.  But this immunity is broad in the

10  sense that it applies to every such tort claim, whether formally labeled as a claim for malicious

11  prosecution or not." Id at 922.

12        The Leon case disapproved of several prior cases articulating an expansive interpretation

13  of Section 821.6, holding that "[w]hile other provisions of the Government Claims Act may confer

14  immunity for certain investigatory actions, section 821.6 does not broadly immunize police

15  officers or other public employees for any and all harmful actions they may take in the course of

16  investigating crime." Leon, supra, 14 Cal.5th at 915.  "The immunity is narrow in the sense that it

17  applies only if the conduct that allegedly caused the plaintiff's injuries was the institution or

18  prosecution of an official proceeding.  But this immunity is broad in the sense that it applies to

19  every such tort claim, whether formally labeled as a claim for malicious prosecution or not." Id at

20  922.

21        For example, the Leon case also ruled that negligent infliction of emotional distress claims

22  were not entitled to immunity under section 821.6 as they did not "concern alleged harms from the

23  institution or prosecution of judicial or administrative proceedings." Leon, supra, (2023) 14

24  Cal.5th at 915.  Leon is easily distinguishable from the instant defamation case and the Court's

25  holding in Gillan is not inconsistent with Leon.  While Leon unquestionably narrows the scope of

26  protection under section 821.6, it also explicitly allows that protection applies to tort claims in the

27  institution or prosecution of an official proceeding.  Gillan holds that section 821.6 immunity

28  applies to a claim for defamation.  Leon overrules the holding in Gillan to the extent that Gillan

1    stands for the proposition that defamation or other tort claims made pursuant to an investigation

2    are subject to 821.6 protection, however as set forth herein, the comments in this case were made

3    pursuant to a proceeding, and are therefore subject to immunity under the <u>Gillan</u> Court's

4    interpretation of section 821.6 without conflicting with <u>Leon</u>.

5        On the face of Plaintiffs' Amended Complaint, it is clear that any statements made by the

6    Alameda County Defendants pertaining to Barroca were made in the course of an official

7    investigation and related proceedings.  Plaintiffs' Amended Complaint sets forth that "(Barroca's)

8    arrest warrant was issued January 31st, 2024. Dkt. No. 12 at ¶ 77.  While Plaintiffs' Amended

9    Complaint notes that the Alameda County District Attorney's office did not pursue charges against

10   Barroca stemming from the January 31, 2024 incident, it does set forth that United States

11   Probation Officers did arrest Barroca on May 30, 2024. Dkt. No. 12 at ¶ 79.  Therefore, it is clear

12   that in addition to the Alameda County District Attorney's office charges which were ultimately

13   not pursued, the Alameda County Defendants were acting within their duties with ACSO in

14   assisting with the investigation and proceedings against Barroca by the United States Probation

15   Office. Therefore, the Alameda County Defendants should be entitled to immunity.

16                    **(i)      Cal. Civ. Code § 47**

17       Civil Code section 47 provides, in part: "A privileged publication or broadcast is one

18   made: (a) In the proper discharge of an official duty. (b) In any (1) legislative proceeding, (2)

19   judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation

20   or course of any other proceeding authorized by law...."  "The policy underlying the privilege is to

21   assure utmost freedom of communication...." <u>Imig v. Ferrar,</u> 70 Cal.App.3d 48, 55 (1977).

22       Any statements made by the Alameda County Defendants regarding Barroca were made in

23   the course of an official duty in connection with judicial and/or official proceedings authorized by

24   law and are protected by the absolute privilege of Civil Code section 47.  A "public official

25   proceeding" includes a police investigation, for purposes of the privilege for "a fair and true report

26   in, or a communication to, a public journal, of [a] public official proceeding." <u>Balzaga v. Fox</u>

27   <u>News Network, LLC</u>, 173 Cal.App.4th 1325 (2009).  As here, courts considering the question

28   have determined that statements to the media which relate to the allegations of a judicial

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1                                        7                          Case No. 3:25-cv-00440-VC
COUNTY DEFTS' AMENDED MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

1  proceeding are absolutely privileged under Section 47 <u>Welsh v. City and County of San Francisco</u>

2  (N.D. Cal. 1995) 887 F.Supp. 1293, 1296.

3      The usual formulation is that the privilege applies to any communication (1) made in

4  judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3)

5  to achieve the objects of the litigation; and (4) that have some connection or logical relation to the

6  action. <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 210, 786 P.2d 365, 367 (1990), <u>Hagendorf v. Brown</u>,

7  699 F.2d 478, 479 (9th Cir.), <u>amended,</u> 707 F.2d 1018 (9th Cir. 1983).

8      Here, as set forth above, the comments were made in the course of a proceeding, in

9  particular that by the United States Probation Office, by an ACSO representative authorized to

10  participate in the proceedings.  The requirement that the communication be in furtherance of the

11  objects of the litigation is, in essence, simply part of the requirement that the communication be

12  connected with, or have some logical relation to, the action, i.e., that it not be extraneous to the

13  action.  "A good example of an application of the principle is found in the cases holding that a

14  statement made in a judicial proceeding is not privileged unless it has some reasonable relevancy

15  to the subject matter of the action." <u>Silberg</u> at 219–220.  All Alameda County Defendants

16  statements clearly have a logical relation to the action, as they pertain Barroca's criminal history

17  and arrest.

18  **C.      <u>PLAINTIFF GOMES HAS NO CLAIM AS A MATTER OF LAW</u>**

19      Finally, in addition to Plaintiffs failure to comply with the Tort Claims Act, and Alameda

20  County Defendants immunities set forth above, Plaintiff Gomes has failed to state a claim against

21  the Alameda County Defendants for which she can recover as a matter of law.

22      Plaintiffs' entire seventh claim, the lone claim against Alameda County Defendants, is

23  predicated upon the alleged defamation of Plaintiff Barroca.  Plaintiffs' Amended Complaint

24  contains no factual allegations involving ay statements made about Gomes, and contains no

25  allegations that she suffered any harm as a result of the facts alleged therein.  When a complaint

26  does not contain enough facts to state a claim for relief that is plausible on its face. <u>Bell Atl. Corp.</u>

27  <u>v. Twombly</u>, 550 U.S. 544, 570 (2007).  Therefore, the Amended Complaint's seventh claim for

28  defamation against the Alameda County Defendants should be dismissed as to Plaintiff Gomes.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4900-7949-3672 v1                              8                    Case No. 3:25-cv-00440-VC
                                                                    COUNTY DEFTS' AMENDED MOTION TO
                                                                    DISMISS PLAINTIFFS' AMENDED COMPLAINT

1

## IV. __CONCLUSION__

2     For the reasons set forth above, County Defendants' amended motion to dismiss should be

3    granted without leave to amend.

4

5    Dated: March 18, 2025                          BURKE, WILLIAMS & SORENSEN, LLP

6

7                                                   By: _____
                                                         _/s/ Jackson D. Morgus_
8                                                        Gregory B. Thomas
                                                         Jackson D. Morgus
9                                                        Attorneys for Defendants ALAMEDA
                                                         COUNTY SHERIFF'S OFFICE and SGT.
10                                                       TYA MODESTE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4900-7949-3672 v1                                   9                          Case No. 3:25-cv-00440-VC
                                                                COUNTY DEFTS' AMENDED MOTION TO
                                                          DISMISS PLAINTIFFS' AMENDED COMPLAINT