UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARROCA, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> HAYWARD AREA RECREATION AND PARKS DISTRICT, et al., <br><br>  Defendants. | Case No. 25-cv-00440-EMC   (EMC) <br><br> **ORDER DENYING MOTION FOR SANCTIONS; DENYING MOTION TO COMPEL** <br><br> Docket No. 60, 67, 71 |

Plaintiff Barroca seeks Rule 11 sanctions against dismissed defendant Officer Razan Ghishan for what Plaintiff characterizes as "misrepresentations fabrications, perjury, and direct lies" in her motion to dismiss. Dkt. No. 60. at 1.

Officer Ghishan was Barroca's probation officer. Barroca brought a Fourth Amendment Bivens claim against her, which the Court granted on qualified immunity grounds. *See* Dkt. No. 63. The Court determined that it was not "objectively unreasonable" for Officer Ghishan to have believed that there was probable cause that Barroca resided at the Hayward residence that Officer Ghishan searched. *Id.* at 8. The Court noted record evidence that Barroca was repeatedly absent from his registered address in Belmont, that probation officers observed Barroca at the Hayward address in the morning but did not see him drive there, and that when Barroca was arrested, he had a key to the Hayward residence in his possession. *Id.* at 8-9. The Court noted that Barroca disputed whether the key was to the front door or to a screen door but found that this difference was "immaterial" to the Court's conclusion, since either way it showed "special access" to the residence. *Id.* at n. 2.

Plaintiff Barroca points to the following alleged misrepresentations made in Officer Ghishan's motion to dismiss:

1. That the motion described Barroca as being responsible for a narcotics lab at the Hayward residence despite there being no judicial finding on this point. Dkt. No. 60 at 2.
2. That the motion described Barroca as violating the conditions of his release when he used a dangerous weapon to stab a man despite the Court finding that Barroca violated his release conditions because he *possessed* a weapon. *Id.* at 2.
3. That the motion describes a charge that Barroca manufactured meth at the Hayward residence but that this is incorrect. *Id.* at 3.
4. That the motion "disingenuous[ly]" presented as facts information from various hearing transcripts. *Id.* at 3.
5. That motion inaccurately described the key in Barroca's possession as fitting the front door, when in fact the key was to the "front screen door." *Id.* at 5.
6. That the motion inaccurately stated that the probation office seized "more than a dozen firearms" from the Hayward residence because no firearms "as defined under federal law" were found at the residence. *Id.* at 5.
7. That the description of Barroca's arrest in the motion was inaccurate. *Id.* at 5. It is not clear what about the arrest Barroca contends Officer Ghishan misrepresented. Officer Ghishan's motion stated that Barroca "came out of the Harvard Avenue residence and was arrested." Barroca states that armed marshals "arrested him in the backyard." *Id.* at 5. These accounts do not appear contradictory.

Officer Ghishan argues that the alleged misrepresentations were supported by the record and that in all cases, none of the disputed issues were material to the motion to dismiss:

1. Officer Ghishan argues that there was no misrepresentation, since the Court explicitly found Barroca responsible for a narcotics lab. *See* Dkt. No. 53 at 2 (citing *United States v. Barroca*, No. 3:94-cr-00470-EMC ("Crim. Dkt."), Dkt. No.

2

977 ("[T]he Court finds [the] Government has proven by a preponderance of the evidence that this was a DMT lab and that Defendant [Barroca] was responsible for it.")).

2. Officer Ghishan argues that the motion accurately described the circumstances under which Barroca violated his parole and accurately stated that the Court "found that Barroca had possessed a dangerous weapon in connection with the Meek Park stabbing, and therefore violated his conditions of release." Dkt. No. 53 at 4.

3. Officer Ghishan appears to concede that the motion incorrectly stated that Barroca was charged with manufacturing *meth* at the Hayward residence, but notes that he was charged with manufacturing DMT, and that the distinction is irrelevant to the claims and defenses at issue in the motion. *Id.*

4. Officer Ghishan argues that the cited hearing transcripts and Court order support the assertions in the motion to dismiss. *Id.*

5. Officer Ghishan notes that Barroca acknowledges that one of his keys fit the front screen door. To the extent that Barroca's argument is that to describe a "front screen door" as a front door is so false as to be sanctionable, Officer Ghishan disagrees. *Id.* at 5.

6. Officer Ghishan notes that it is undisputed that at least four "imitation firearms" were seized from the Hayward residence. Officer Ghishan argues that the distinction between firearms and imitation firearms was immaterial to the claims and defenses in the motion. *Id.*

7. Officer Ghishan does not address Barroca's contention that the description of his arrest was inaccurate.

Rule 11 sanctions are an "extraordinary remedy" typically reserved for filings that are frivolous or without basis. *Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344-5 (9th Cir. 1988); *see also Harbor Breeze Corporation v. Newport Landing Sportfishing, Inc.*, No. 17-cv-01613-CJC, 2020 WL 816135, at *10 (C.D. Cal. Jan. 23, 2020) ("[T]he Court declines to impose

Rule 11 sanctions on Defendants based on a few errant phrases in their 20-page opposition, especially in light of the fact that it never relied on these phrases in ruling on the motion.").

Most of the misrepresentations Barroca alleges are arguably supported by record evidence, and thus not misrepresentations. The one error in the brief that Officer Ghishan concedes, regarding whether Barroca was charged with running a DMT or meth lab, was not material to the claim at issue in the motion and was in any case not relied on by the Court in its motion to dismiss. The only point Barroca raises that is potentially material to the motion to dismiss concerns the door key. But the Court considered Barroca's argument that the key was to a "front screen door" rather than a "front door" in its order granting the motion to dismiss and found that it did not alter its conclusion. Dkt. No. 63 at n.2.

Accordingly, the motion for sanctions is **DENIED**.

Plaintiff also has two pending motions to serve and compel compliance with a subpoena against Ron Smith, the property manager of Ms. RaeLynn Gomes, Plaintiff Barroca's girlfriend. This subpoena is related to Plaintiff's allegation that HARD unlawfully retaliated against him. Dkt. No. 78. These motions to compel are **DENIED** without prejudice as premature. Discovery is not yet open in this case. *See* Fed. R. Civ. P. 26(d).

**IT IS SO ORDERED**.

Dated: September 18, 2025

_____
EDWARD M. CHEN
United States District Judge

4