UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARROCA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HAYWARD AREA RECREATION AND PARKS DISTRICT, et al.,<br><br>    Defendants. | Case No. 25-cv-00440-EMC   (EMC)<br><br>**ORDER DENYING MOTION FOR TRO AND PRELIMINARY INJUNCTION**<br><br>Docket No. 78 |

Before the Court is Plaintiff Robert Barroca's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. No. 78. Barroca alleges that Defendant Hayward Area Recreation and Parks District ("HARD") has retaliated against him by (1) contacting the property manager of Plaintiff's girlfriend and attempting to persuade him to ban Barroca from visiting her house ("the Hayward Property") and (2) blocking a hole used by Plaintiff's cats to travel between the Hayward Property and the adjacent Meek Park. He seeks a TRO and preliminary injunction to prevent this and further retaliation. Defendant HARD filed an opposition on September 19. Dkt. No. 84.

To obtain a temporary restraining order or a preliminary injunction, the movant must establish that he (1) "is likely to succeed on the merits"; (2) "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Barroca has not shown a likelihood of irreparable harm. Barroca does not allege that the alleged conversation between HARD and the property manager has so far resulted in any

restriction or ban on his visits to the Hayward Property, or any likelihood that this will occur in the future. Regarding the blocked cat-hole, Barroca also does not point to any irreparable harm to himself. To the extent he alleges that harm to his pet cats constitutes irreparable harm to himself, the showing of irreparable harm is also insufficient. While Barroca alleges that his cats are at risk of dog attacks in the park, and that blocking the hole deprives them of their only means of escape, Barroca's motion also mentions that there are multiple routes by which the cats may enter and leave the park, and only the hole leading to the Hayward Property has been blocked. Dkt. No. 78 at 3-4.

Further, Plaintiff cannot show a likelihood of success on the merits at this time. Plaintiff has only offered speculation that the individual who spoke to the Hayward Property manager was affiliated with HARD. In its TRO opposition, HARD has offered a sworn declaration from HARD's Public Safety Manager that nobody from HARD's Public Safety office has spoken with the property manager, based on individual conversations with each of his employees. Dkt. No. 84-1. At this stage, Plaintiff has not made a sufficient showing that HARD was involved with the incident, let alone that he could succeed on the merits of a retaliation claim against HARD.

The Court therefore **DENIES** Plaintiff's motion for a TRO and preliminary injunction.

**IT IS SO ORDERED**.

Dated: September 19, 2025.

_____
EDWARD M. CHEN
United States District Judge