United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARROCA,<br>Plaintiff,<br>v.<br>HAYWARD AREA RECREATION AND PARKS DISTRICT, et al.,<br>Defendants. | Case No. 25-cv-00440-EMC<br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY DISPOSITIVE MOTION DEADLINE**<br>Docket No. 151 |

Before the Court is Plaintiff's Motion to Modify Dispositive Motion Deadline and for Leave to File Motion for Summary Judgment Out of Time. Dkt. No. 151. Plaintiff asks the Court to extend the dispositive motion deadline from September 3, 2026 to September 25, 2026 and grant leave for Plaintiff to file a Motion for Summary Judgment by that date. For the reasons below, Plaintiff's motion is **DENIED**.

## BACKGROUND

The only live claim in this action is a single count under Section 1983 for Fourteenth Amendment Selective Prosecution against Ranger Hillary Fitzpatrick. Dkt. No 124. On March 17, 2026, the Court issued an order setting the deadline for dispositive motions on that claim for September 3, 2026. Dkt. No. 132. On June 8, 2026, Plaintiff filed a motion to amend his complaint, which the Court denied. Dkt. No. 143. The Court found that Plaintiff had not shown diligence in raising the claim he wished to add, that the addition of a new claim would prejudice Defendants, and that any resulting delay to the case schedule would conflict with Plaintiff's desire to reach trial as early as possible. *Id.*

On July 21, 2026, the parties filed a Joint Case Management reiterating the deadlines set

by the Court, including the deadline to file dispositive motions of September 3, 2026. Dkt. No. 142 at 7. Plaintiff also stated that, as of that date, he believed discovery was complete. *Id.* at 6. Notably, the deadline set for filing dispositive motions was the last day motions could be filed; any party could file before that deadline.

On September 2, 2026, Defendant Fitzpatrick timely filed a Motion for Summary Judgment, with hearing set for October 8, 2026. Dkt. No. 150.

On September 14, Plaintiff filed the Motion before the Court. Dkt. No. 151. Plaintiff states that he was unable to meet the September 3, 2026 deadline because he was assaulted on August 20 and sustained an injury requiring medical treatment, was held in custody for several days following the assault, and had deadlines in another legal proceeding on September 9 and September 14. *Id.* at 1–2. Defendants oppose. Dkt. No. 152.

**DISCUSSION**

Plaintiff argues that the Court should find good cause to extend the deadline under Federal Rule of Civil Procedure 6(b)(1)(B). That rule allows the Court, "for good cause," to extend time "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Determining whether neglect is excusable requires a court to balance "the danger or prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

While Plaintiff offers sympathetic reasons for his delay, he does not explain why he could not have prepared his motion before August 20. He has been aware of the deadline since March 17, 2026, and discovery has been complete since July. Moreover, the remaining factors favor denial. Extending the time to file dispositive motions would significantly disrupt the judicial proceedings. The Case Management Schedule, which has been in place since March, indicates that the last day to hear dispositive motions is October 8, 2026, and trial is scheduled to begin in January 2027. Allowing Plaintiff to file a Motion for Summary Judgment as late as September 25

United States District Court
Northern District of California

would disrupt this carefully planned schedule and prejudice Defendants as it would likely result in a delay of the trial date – which the Court set to accommodate Plaintiff's health concerns. Defendants suggest that Plaintiff acted in bad faith, pointing to several missed deadlines and requests for extensions in this action. Dkt. No. 152 at 3. Defendants also note that Plaintiffs' failure to request an extension before September 14 and failure to include his proposed motion may indicate bad faith. *Id.* The Court does not decide whether these factors indicate bad faith and instead rests its decision on the fact that Plaintiff could have filed his motion earlier and the disruption that an extension would cause to the trial schedule. Any delay to the case schedule would conflict with Plaintiff's previously expressed desire to reach trial as early as possible.

For the foregoing reasons, Plaintiff's Motion to Modify Dispositive Motion Deadline and for Leave to File Motion for Summary Judgment Out of Time is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 18, 2026

EDWARD M. CHEN
United States District Judge