United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT BARROCA,

Plaintiff,

v.

HAYWARD AREA RECREATION AND PARKS DISTRICT,

Defendants.

Case No. 25-cv-00440-EMC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Docket No. 150

Plaintiff Robert Barroca, proceeding pro se, sued the Hayward Area Recreation and Parks District (HARD) as well as HARD rangers Ed Untalan, Dachineewan Oliver, Hillary Fitzpatrick, and retired HARD employee Marco Hernandez, alleging failure to perform mandatory duties under California law and numerous violations of the federal constitution, including the Fourteenth, Fourth, and First Amendment. The Court previously dismissed all claims except a single count under Section 1983 for Fourteenth Amendment Selective Prosecution against Defendant Fitzpatrick. Dkt. No. 95. In this remaining claim, Plaintiff alleges that Defendant Fitzpatrick cited him for violating HARD Ordinance 19(a), which requires pets to be on a leash no longer than six feet, while failing to cite another parkgoer who was not complying with the ordinance. Defendant moves for summary judgment.

For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Meek Estate Park ("Meek Park") is a public park in Hayward, California, operated by HARD. Dkt. No. 93 (SAC) ¶¶ 1–3. Several ordinances governing the park are relevant to the present action.

HARD Ordinance 19(a) provides:

> All pets shall be restrained at all times on a leash or device no more than 6 feet in length and under the complete control of the pets' owner or person in possession of the pet, except when in District designated off-leash areas. . . . This may include but [is] not limited to dogs, cats, rabbits, ferrets, and chickens.

Dkt. No. 150-1, Ex. D.

HARD Ordinance 19(b) provides in relevant part:

> Feeding feral or wild animals or depositing feed for feral or wild animals is prohibited.

Dkt. No. 150-1, Ex. G.

HARD Ordinance 4(a) provides:

> Persons entering District Property may remain as long as they abide by District rules and regulations . . . and lawful instructions of law enforcement officers, Park Rangers, and other District employees. Persons who do not abide by lawfully given instructions of law enforcement officers, Park Rangers, and other District employees, posted rules, and/or Federal, State and local laws or regulations are in violation of these Regulations and are subject to citation.

Dkt. No. 150-1, Ex. E.

HARD Ordinance 20(a) provides in relevant part:

> No person shall engage in unusually loud, threatening, or obscene language or language or action intended to incite or provoke violence or other lawlessness on District Property, or engage in any disorderly conduct or behavior, or unreasonably or unnecessarily interfere with or obstruct the lawful use and enjoyment of District Property by other persons, or impair the ability of any District employee, contractor, agent or concessionaire to perform his or her authorized duties and activities.

Dkt. No. 150-1, Ex. G.

There are often cats present in Meek Park, and Plaintiff Barroca sometimes feeds those cats. Dkt. No. 158 ("Barroca Decl.") ¶¶ 3–7 ("Cats associated with numerous neighborhood residences frequent the park . . . Some of the cats I cared for were my cats."); Dkt. No. 150-1, Ex. H ("Barroca Dep. Tr.") at 27 ("I've had multiple [] interactions with . . . rangers regarding feeding the animals in Meek Estate Park."). Prior to August 31, 2023, Plaintiff had multiple interactions with HARD employees and was told not to feed the cats on HARD property. Barroca Dep. Tr. at 27 ("Q. Prior to that incident, had you ever had any conversations with [] Ranger Fitzpatrick

about either pets being off leash or feeding feral animals in Meek Estate Park? A. . . . I've had multiple [] interactions with multiple rangers regarding feeding the animals in Meek Estate Park.").

On August 31, 2023, Defendant was assigned to patrol Meek Park as Park Ranger. Dkt. No 150-3 ("Fitzpatrick Decl.") ¶ 10. That morning, she observed Plaintiff feeding "about 15 to 20 cats" in the park. Dkt. No. 150-1, Ex. F ("Incident Report") at 1. Defendant advised Plaintiff that they "need[ed] to discuss his feeding feral cats" in the park. *Id.* Plaintiff advised Defendant that at least some of the cats he was feeding were not feral, but were his. *Id.*; *see also* Fitzpatrick Decl. ¶ 11; Barroca Dep. Tr. at 24. Plaintiff does not dispute that he told Defendant that at least some of the cats were his but says that Defendant "did not know which particular cats were [his] and which particular cats were not [his.]" Barroca Decl. ¶ 8. Regardless, the parties agree that Plaintiff represented that at least some of the cats in the park belonged to Plaintiff.

Defendant then advised Plaintiff that if the cats were his, she would have to cite him for HARD Ordinance 19(a), which provides that all pets be on a leash no longer than six feet while in the park. Incident Report at 1; Barroca Dep. Tr. at 25 ("Q. [A]t any point in the conversation that you had with her about the cats, did she inform you that it was a violation of Ordinance 19a to not have your pets leashed at Meek [] Park? A. Yes."). Plaintiff refused to leash the cats. Fitzpatrick Decl. ¶ 12; Barroca Dep. Tr. at 25 ("Q. Did you leash any of your pets after she informed you of this? A. No."). Defendant issued Plaintiff a citation for violating Ordinances 19(a) and 4(a). Fitzpatrick Decl. ¶ 13; Incident Report at 1. Immediately before issuing the citation, Defendant stated that Plaintiff had previously received a warning "regarding that type of violation." Fitzpatrick Decl., Ex. A at 04:18–04:22; 1:00–2:24. The cited exhibit is body camera footage showing an interaction between Defendant and Plaintiff on August 31, 2023. In the footage, Defendant states that Plaintiff "has been specifically instructed" that he needs to either stop feeding feral cats or, if they are his cats, to leash them. *Id.* at 01:30–02:15. Defendant also states that "we've had this discussion many times." *Id.* at 04:18–04:22. Plaintiff disputes that he had been given a warning for violating Ordinance 19(a), saying that Defendant's prior communications to Plaintiff "concerned feeding cats, not a prior warning [about] section 19(a)."

United States District Court
Northern District of California

Barroca Decl. ¶ 34. It is thus undisputed that Plaintiff had prior disputes with Defendant about feeding the cats. During Plaintiff's interaction with Defendant on August 31, 2023, Plaintiff stated that he wanted to be cited. *Id.* ¶ 18 ("During my interactions with Fitzpatrick, I stated that I wanted a citation because I wanted the opportunity to challenge her interpretation and enforcement of the ordinance."); Fitzpatrick Decl., Ex. A at 2:26–2:35 ("That's what I wanted you to do."), 04:34–04:37 ("Run it – I told you guys to give me a ticket a long time ago so I could let a judge address it.").

On September 11, 2023, Plaintiff and Defendant had another interaction at Meek Park. Fitzpatrick Decl. ¶¶ 3, 15. On that day, Plaintiff again admitted to Defendant that unleashed cats in his presence were his. *Id.*; Fitzpatrick Decl., Ex. B at 06:52–6:55 ("They're telling me I need to have my cats on a leash, bro."), 10:26–10:30 (Fitzpatrick: "You claim them as your pets." Barroca: "So what?"), 10:34–10:38 ("So I can't come here to this park [] if my animals follow me?"). Defendant did not issue a citation to Plaintiff that day. *Id.* Plaintiff stated in his deposition that the citation on August 31, 2023 was the only citation he has received for violating Ordinance 19(a) at Meek Park. Barroca Dep. Tr. at 23. During this same interaction, Plaintiff became agitated and Defendant asked him to lower his voice. Fitzpatrick Decl., Ex. B at 08:00–08:38 ("You need to lower your voice, Bobby."). After fourteen minutes of Plaintiff raising his voice at Defendant, Defendant asked him to leave the park. *Id.* at 14:04–14:06 ("I'm going to ask you to leave."). Plaintiff eventually walked away. *Id.* at 17:58–18:02.

Just a few moments later, Plaintiff and Defendant encountered another parkgoer whose dog was on a retractable leash longer than six feet. Barroca Decl. ¶ 20; Fitzpatrick Decl., Ex. B at 18:58–19:27. Defendant gave that parkgoer a warning but did not issue a citation for violation of Ordinance 19(a). Fitzpatrick Decl., Ex. C at 1:54–1:56 ("I had a discussion with him about the leash length."). Defendant told Plaintiff that the parkgoer was substantially in compliance because his dog was restrained. Barroca Decl. ¶ 28. This was also the first time Defendant had seen the other parkgoer. Fitzpatric Decl., Ex. C at 01:59–02:03 ("This is the first time I've seen this gentleman."). During the encounter with the other parkgoer on September 11, Plaintiff argued with Defendant about the other parkgoer's leash. Barroca Decl. ¶ 38. Defendant directed Plaintiff

to leave the park because of his raised voice. *Id.* ¶ 37. Plaintiff states that during the interaction with the other parkgoer, the other parkgoer said, "Meet me on the road punk," "the first thing that's going to fly is your mouth," and "the second thing that's going to fly is your phone." *Id.* ¶ 39. Plaintiff says that he believed this language to be threatening violence. *Id.* ¶ 40. Defendant did not direct the other parkgoer to leave the park. *Id.* ¶ 41. Defendant did not issue a citation to either Plaintiff or the other parkgoer for violation of Ordinance 20(a). *Id.* ¶ 41.

Plaintiff's selective enforcement claim challenges his citation on August 31, 2023 for failure to leash the cats he claimed as his, but he raises the fact that he was asked to leave the park on September 11 as evidence that he was singled out with no rational basis. Dkt. No. 157 ("Opp'n") at 12.

### B. Procedural History

Plaintiff filed this action on January 13, 2025 proceeding pro se and in forma pauperis. Dkt. No. 1. He filed the SAC on October 16, 2025, asserting claims against HARD, as well as HARD rangers Ed Untalan, Dachineewan Oliver, Hillary Fitzpatrick, and retired HARD employee Marco Hernandez, alleging failure to perform mandatory duties under California law and numerous violations of the federal constitution, including the Fourteenth, Fourth, and First Amendment. Dkt. No. 93. On February 23, 2026, the Court dismissed all claims except for the claim under the Fourteenth Amendment for Selective Enforcement against Defendant Fitzpatrick. Dkt. No. 124. On September 2, 2026, Defendant Fitzpatrick filed the Motion for Summary Judgment now before the Court. Dkt. No. 150.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment [to a moving party] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. At the summary judgment stage, evidence

United States District Court
Northern District of California

must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.* at 255.[1]

Where a defendant moves for summary judgment based on a claim for which the plaintiff bears the burden of proof, the defendant need only point to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

Plaintiff's equal protection claim is not based on any asserted group-based classification. Instead, he argues he was singled out for unfair treatment. The Supreme Court has recognized Fourteenth Amendment "equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). To state such a claim "a class-of-one plaintiff must be similarly situated to the proposed comparator in all material respects." *SmileDirectClub, Ltd. Liab. Co. v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022). There must be "an ***extremely high degree of similarity*** between themselves and the persons to whom they compare themselves." *Id.* (emphasis added) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). Courts "enforce the similarly-situated requirement with particular strictness when the plaintiff invokes the class-of-one theory rather than the more settled cognizable-group theory." *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (quoting *JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 926 (W.D. Mich. 2009)).

Plaintiff alleges that Defendant enforced park ordinances against him while declining to do so against others. Plaintiff alleges that he was cited for violating HARD Ordinance 19(a), which prohibits off-leash pets and leashes over six feet, but that Defendant declined to enforce this

[1] Evidence may be presented in a form that is not admissible at trial so long as it could ultimately be capable of being put in admissible form. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) ("Even the declarations that do contain hearsay are admissible for summary judgment purposes because they 'could be presented in an admissible form at trial'").

ordinance against the other parkgoer on September 11, 2023. The other parkgoer had his dog on a leash that was longer than six feet, in violation of Ordinance 19(a).

**A. Similarly Situated Requirement**

To state an equal protection claim, Plaintiff must show that he was "similarly situated to the proposed comparator in all material respects." *SmileDirectClub, LLC*, 31 F.4th at 1123. As noted, in the context of a class of one claim, courts interpret this requirement strictly. *See Tabi v. Stephenson*, 2023 WL 10352018, at *11 (C.D. Cal. Sept. 20, 2023) (not met where plaintiff set up a table and chair while comparators stood); *Pepe's, Inc. v. City of Rancho Cucamonga*, 2023 WL 6866375, at *21 (C.D. Cal. Sept. 5, 2023) (requiring similarity in *all* material respects, not just most).

Plaintiff has failed to demonstrate that there was "an extremely high degree of similarity" between his situation with his cats and the dog owner that Ranger Fitzpatrick encountered on September 11, 2023. There are at least three undisputed differences between Plaintiff and the comparator. First, Plaintiff's cats were on no leash at all, while the comparator's dog was on a leash, albeit longer than six feet. Second, Plaintiff claimed multiple cats as his pets, while the comparator had only one dog. Third, Plaintiff had a long history of being warned about violating park ordinances related to his interactions with the cats. While Plaintiff disputes Defendant's statement that Plaintiff had previously received a warning about violating Ordinance 19(a), Plaintiff does not dispute that he had previously received warnings related to his interactions with cats in the park. Finally, it should be noted that upon the threat of citation, Plaintiff asked to be cited so that he could challenge the citation. Barroca Decl. ¶ 18; Fitzpatrick Decl., Ex. A at 2:26–2:35, 04:34–04:37.

These differences are obviously material. Plaintiff failed to demonstrate "an ***extremely high degree of similarity"*** between the asserted comparator and himself. And, as discussed below, each could lead to a rational basis for difference in treatment.

**B. Rational Basis for Difference in Treatment**

Even if Plaintiff could be deemed to have identified a similarly situated comparator under the high standard applicable to class of one discrimination, he must also show that there is "no



United States District Court
Northern District of California

United States District Court
Northern District of California

rational basis for the difference in treatment." *Olech*, 528 U.S. at 564.

There are several rational bases for differential treatment here. First, it may be rational for Defendant to issue citations only to those parkgoers whose pets are not on a leash at all, and to not issue a citation for those parkgoers whose pets are on a leash, even if it is longer than six feet. A leash longer than six feet can still effectively prevent a pet from approaching others or running away. There is a greater degree of control than where the owner has no leash. Second, it may be rational for Defendant to issue citations to parkgoers who have more than one pet off-leash but not issue citations to parkgoers who have only one pet off-leash. Plaintiff had multiple cats he claimed as his pets, while his comparator had only one dog. The greater the number of off-leash pets, the greater the likelihood that they will damage park resources or landscaping. Third, it may be rational to issue citations to those parkgoers who have a history of violating park ordinances. Plaintiff had been previously warned about violating park ordinances related to the cats, even if he disputes that he was warned about violating Ordinance 19(a) specifically. He was warned about feeding the cats, a warning which he disregarded. No evidence suggests that the comparator had been previously warned about violation of any HARD ordinance. Finally, Plaintiff asked Defendant to be cited; there is no evidence that the comparator did so.

Thus, there are several rational bases for Defendant to have issued a citation to Plaintiff but not to the proposed comparator. Plaintiff has failed to establish an equal protection claim.

### C. Intentional Discrimination

Plaintiff argues that his claim should succeed because there is evidence that Defendant Fitzpatrick harbors animus against him specifically. He points to Defendant's treatment of the comparator as "evidence" suggesting that "her differential treatment of Plaintiff was intentional." Opp'n at 12. However, intentional discrimination on its own does not establish a claim of selective enforcement. The case law on class-of-one discrimination requires more. As noted above, in addition to having to show an extremely similar comparator, Plaintiff must show that he was "intentionally treated differently from others similarly situated *and that there is no rational basis for the difference in treatment*." *Olech*, 528 U.S. at 564 (2000) (emphasis added). Because there are several rational bases for the difference in treatment here, Plaintiff cannot establish a

claim of selective enforcement based on a class of one regardless of whether the difference in treatment was intentional.

## IV. CONCLUSION

Defendant Fitzpatrick is entitled to judgment as a matter of law on Plaintiff's selective enforcement claim because the undisputed facts do not support his claim. Thus, the Motion for Summary Judgment is **GRANTED**. The Court need not and does not reach Defendant Fitzpatrick's argument that she is entitled to qualified immunity.

**IT IS SO ORDERED**.

Dated: November 3, 2026

EDWARD M. CHEN
United States District Judge